IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KYLE SAWYER,

    Plaintiff,

v.

BILL ME LATER, INC.; EBAY INC.,

    Defendants.

No. C 10-00014 JSW

**ORDER DISMISSING ACTION**

In response to the order to show cause, Plaintiff asserts that its alter ego contention is just one theory of liability, and therefore, the Court does not have to resolve this matter at this point in order to find jurisdiction. However, Plaintiff bears the burden of demonstrating minimal diversity. *See Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "The district courts of the United States ... are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs. Inc.,* 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1331(d)(2)(A), provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). "[U]nder CAFA the burden of establishing ... jurisdiction remains, as

before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Although Plaintiff contends that the Court need not resolve his alter ego contentions at this point, he certainly does not disavow that he asserts Bill Me Later is the alter ego of E-Bay. Whether Plaintiff would be successful ultimately in proving that Bill Me Later actually is the alter ego of E-Bay is irrelevant. As Plaintiff bears the burden of demonstrating the existence of federal jurisdiction, it is irreconcilable for Plaintiff to assert that Bill Me Later is the alter ego of E-Bay and, at the same time, show that minimal diversity exists. Although Plaintiff argues that he may plead alternate theories of liability under Federal Rule of Civil Procedure 8, he has not demonstrated that he may plead a theory that is completely inconsistent with maintaining federal jurisdiction. Although, ordinarily, a parent's citizenship is not imputed to its subsidiary for purposes of determining the subsidiary's citizenship, there is an exception to this rule where the subsidiary is the alter ego of the parent company. *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (citing *Burnside v. Sanders Ass'n, Inc.*, 507 F. Supp. 165, 166 (N.D. Tex. 1980) ("the subsidiary takes the citizenship of the parent when it is not really a 'separate entity.'")).

Plaintiff also makes alternative arguments, such as that minimal diversity may be found because his alleged class consists of California *residents* and discovery may demonstrate the existence of a class member who resides in but is not a citizen of California. Plaintiff cannot rely on the speculation of what future discovery may show in order to demonstrate this Court currently has jurisdiction over this case.

Plaintiff also argues that its assertions of alter ego under state law differs from the standard of demonstrating alter ego under federal law. Thus, according to Plaintiff, the Court may find that Plaintiff has sufficiently alleged that Bill Me Later is the alter ego of E-Bay under state law for purposes of holding E-Bay liable but find that Bill Me Later is not the alter ego under the federal standard and therefore not impute E-Bay's citizenship to Bill Me Later. The Court finds Plaintiff's argument to be disingenuous and an attempt to have it both ways. Either Bill Me Later is or is not the alter ego of E-Bay. The Court finds, based on Plaintiff's alter ego

assertions, that Plaintiff has not demonstrated the existence of federal jurisdiction. Accordingly, the Court dismisses this action based on lack of subject matter jurisdiction. This Order is without prejudice to Plaintiff refiling his claims against Defendants in state court.

**IT IS SO ORDERED.**

Dated: May 14, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE